IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:04CV212

| | |
|---|---|
| **ERIC B. HOPE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| **UNITED STATES OF AMERICA,** ) | |
| **DRUG ENFORCEMENT** ) | |
| **ADMINISTRATION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Judgment on the Pleadings and Request for a Show Cause Order, filed March 24, 2005 (Document # 28), to which Defendants did not file a Response. This matter is now ripe for disposition by the Court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 3, 1998, Charlotte Mecklenburg Police Department ("CMPD") officers arrested Plaintiff Eric B. Hope ("Plaintiff") during a traffic stop. Pursuant to this arrest, officers searched Plaintiff's car and discovered an open container of beer as well as a detectable amount of marijuana and $1,397.00 in Plaintiff's pant pocket. The officers seized the cash and marijuana. On May 8, 1998, the Drug Enforcement Administration ("DEA") adopted the seizure of the currency for federal forfeiture.

On May 11, 1998, pursuant to a warrant issued for Plaintiff's failure to appear in court, officers went to Plaintiff's house. As authorized by the terms of Plaintiff's probation for a prior conviction, the officers searched Plaintiff's home, at which time they discovered and seized a detectable amount of marijuana and $9,000.00. The DEA adopted the seizure of the cash on May

28, 1998.

Subsequently, the DEA instituted separate forfeiture proceedings against the two sums of cash, which resulted in the forfeiture of $10,397.00.

On May 28, 2004, Plaintiff filed the instant lawsuit, asserting that the DEA did not provide him with adequate notice of the forfeiture proceedings and thereby violated his constitutionally protected right to due process.

Subsequently, the CMPD filed a Motion for Summary Judgment, the DEA filed a Motion to Dismiss and, in the Alternative, a Motion for Summary Judgment, and Defendant Joseph A. Burns filed a Motion to Dismiss. On December 13, 2004, this Court granted the CMPD's Motion for Summary Judgment and Defendant Burns' Motion to Dismiss; however, the Court denied the DEA's Motion to Dismiss and its Motion for Summary Judgment.

Plaintiff now moves the Court for judgment on the pleadings, as well as a show cause order.

## II. DISCUSSION

When adjudicating a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, the Court is to apply the same standard as when evaluating a motion to dismiss pursuant to Rule 12(b)(6). *United States v. 328 Pounds, More or Less, of Wild American Ginseng*, 347 F. Supp. 2d 241, 244 (W.D.N.C. 2004) (*citing Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002)). "'A motion to dismiss under [rule 12(c)] tests the sufficiency of a [claim], it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (*quoting Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). Therefore, the Court should only dismiss a motion for judgment on the pleadings if "'after accepting all well pleaded allegations in the [non-

moving party's claim] as true and drawing all reasonable factual inferences from those facts in [that party's favor], it appears certain that the [non-moving party] cannot prove any set of facts in support of [its] claim entitling [it] to relief.'" *Id.* (*quoting Volvo Trademark Holding Aktiebolaget v. CLM Equip. Co., Inc.*, 236 F. Supp. 2d 536, 540 (W.D.N.C. 2002), *aff'd in part, vacated in part on other grounds*, 386 F.3d 581 (4th Cir. 2004)).

In support of his Motion for Judgment on the Pleadings, Plaintiff argues that the DEA does not have a viable defense to the evidence presented in this matter. Plaintiff further contends that since this Court found that Defendants did not effect service or proper notice to Plaintiff, discovery is unwarranted. Plaintiff provides no supporting evidence for these summarily-stated allegations. Upon review of Plaintiff's Motion, the Court concludes that after accepting all well pleaded allegations in the DEA's Answer as true and drawing all reasonable factual inferences from those facts in the DEA's favor, it appears that the DEA <u>could</u> prove a set of facts in support of its claim. Therefore, Plaintiff's Motion for Judgment on the pleadings is <u>denied</u>.

With regard to Plaintiff's Request for a Show Cause Order, Plaintiff asks the Court to order Defendants to provide an explanation for why the seized currency that is at issue in this matter should not be returned to Plaintiff. Plaintiff provides no argument in support of his Request. Upon review of Plaintiff's Motion, the Court <u>denies</u> Plaintiff's Request for a Show Cause Order.

**SO ORDERED.**

This the ___ day of April, 2005.

GRAHAM C. MULLEN
**Chief United States District Court Judge**